# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2698 | **DATE** | 5/19/2004 |
| **CASE TITLE** | United Bizjet Holdings, Inc. vs. Gulfstream Aerospace Corp., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Gulfstream's motion to dismiss count IV is granted. Bizjet dismisses Count I voluntarily.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | MAY 20 2004 | | |
| | Notified counsel by telephone. | | date docketed | | 8 |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | 5/19/2004 | | |
| | | | date mailed notice | | |
| SN | courtroom deputy's initials | | SN | | |
| | | | mailing deputy initials | | |
| | | Date/time received in central Clerk's Office | | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

MAY 2 0 2004

UNITED BIZJET HOLDINGS, INC., )
                                )
                    Plaintiff,  )
                                )
        v.                      )    No. 04 C 2698
                                )
GULFSTREAM AEROSPACE CORPORATION,)
et al.,                         )
                                )
                    Defendants. )

## MEMORANDUM OPINION AND ORDER

Before their current filing of an Answer and Affirmative
Defenses to Counts II and III of the four-count Complaint brought
against them by United BizJet Holdings, Inc. ("BizJet"),
Gulfstream Aerospace Corporation and Gulfstream Aerospace Limited
Partnership (collectively denoted, after this sentence, by the
singular noun "Gulfstream") had earlier (before the Bankruptcy
Court) moved to dismiss Complaint Counts I (labeled "Turnover")
and IV (captioned "Conversion"). BizJet has seen the error of
its ways as to Count I, choosing to dismiss it voluntarily, but
has filed a timely response in opposition to the motion to
dismiss Count IV. This Court finds that Gulfstream has the
better of that dispute and therefore grants the Count IV
dismissal motion.

Despite the fact that each litigant is represented by
members of one of this city's (indeed, this country's) major law
firms, neither side has focused on what this Court has viewed
from the outset as the controlling factor. It may be that



counsel are overly sophisticated, or perhaps that the law schools no longer teach what were known at common law as the principles of trover and conversion--but the clue to the outcome is that the claim advanced by BizJet is one purely for money, coupled with the concept that all money is green--generally fungible--except in special situations in which such money has been specified as maintaining an independent identity (as for example in a segregated fund such as an escrow account).[1]

Once the fundamental distinction is recognized between a claim that seeks to recover unsegregated moneys and a claim that tangible property or a segregated fund has been illegally retained (that is, converted), it is readily apparent that the operative standard differs sharply from that set out in the various cases on which BizJet seeks to rely. Here is how Horbach v. Kaczmarek, 288 F.3d 969, 978 (7th Cir. 2002)(numerous citations and internal quotation marks omitted, emphasis in

---

[1]  Gulfstream's motion to dismiss focuses on New York caselaw (but see n.2) that requires a conversion-claiming plaintiff to show (1) a legal duty imposed on defendant independent of the parties' contract or (2) defendant's tortious conduct apart from its alleged breach of contract.  But the case that Gulfstream Mem. 9 characterizes as "directly on point," D'Ambrosio v. Engel, 741 N.Y.S.2d 42, 43-44 (N.Y. App. Div. 2002), is simply not so:  There the parties' contract required the purchaser to place the deposit payment in an escrow account. As Robert Frost said in The Road Not Taken:

And that has made all the difference.

original) recently explained its rejection under Illinois law[2] of a conversion claim that was sought to be based, as in this case, on a deposit of funds in conjunction with a contract to be performed by the party to which the funds had been delivered:

> The essence of conversion is the wrongful deprivation of one who has a right to the immediate possession of the object unlawfully held. An asserted right to money normally will not support a claim for conversion. Only if the money at issue can be described as "specific chattel"--in other words, "a specific fund or specific money in coin or bills"--will conversion lie. Moreover, the plaintiff's right to the money must be absolute. It must be shown that the money claimed, or its equivalent, at all times belonged to the plaintiff and that the defendant converted it to his own use.

BizJet flunks the test in those terms. Nothing in the contracts between the parties required Gulfstream to segregate the amounts deposited with it in anticipation of its manufacture of the aircraft provided for in those agreements.[3] Nothing in the parties' agreements treated those down payments as "a specific fund or specific money in coin or bills," the language quoted by Horbach from Mid-Am. Fire & Marine Ins. Co. v.

---

[2] BizJet has contended for the application of Illinois law because conversion is a claim sounding in tort, while Gulfstream urges that the choice of law provision in the parties' contracts calls for the use of New York law. But the principle applied here is a universal one, so that any such purported choice of law disputes are irrelevant.

[3] Each Master Aircraft Sales Agreement (one dated June 15, 2001 [Complaint Ex. A] and the other dated September 27 and 28, 2001 [Complaint Ex. E]) required BizJet to deliver the deposits as advance down payments toward the purchase price of the aircraft. No restrictions of any kind were placed on Gulfstream's use of the money.

<u>Middleton</u>, 127 Ill.App.3d 887, 892, 468 N.E.2d 1335, 1339 (4th

Dist. 1984). And all of that dooms Count IV, which is

accordingly dismissed.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 19, 2004

4